REKA BRANDT v. CITY OF DULUTH.[1]

January 25, 1924.

No. 23,734.

**Defendant charged with notice of defective sidewalk.**
　　1. Action for personal injuries resulting from a fall on a defective sidewalk. The evidence justified the jury in finding that the defect had existed a sufficient length of time to charge the city with notice.

**Verdict sustained.**
　　2. The verdict was not excessive within the rule permitting this court to interfere on that ground.

Action in the district court for St. Louis county to recover $10,500 for injuries resulting from a fall upon a defective sidewalk. The case was tried before Fesler, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony denied its motion for a directed verdict, and a jury which returned a verdict for $3,216.50. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*John B. Richards* and *Charles C. Teare*, for appellant.
*McHugh & O'Donnell*, for respondent.

TAYLOR, C.
Action for personal injuries in which plaintiff had a verdict for $3,216.50 and defendant appeals from an order denying its alternative motion for judgment or a new trial.

The accident happened on Grand avenue in the city of Duluth. The top of a plank sidewalk abutting against a concrete curb at an intersecting street was about two inches below the top of the curb. Plaintiff walking along this sidewalk in the evening caught her foot on the projecting curb and fell upon the brick pavement. It is urged that the evidence does not justify a finding that the defect had ex-

[1]Reported in 196 N. W. 932.

isted for such a length of time that the city was chargeable with notice of it. No witness knew how long the walk had been in that condition. The planks lay flat on the ground with vegetation growing up at the ends. One witness testified that the walk looked as if it had been in the same position for years. The foreman in charge of the streets in that locality, a witness for the city, would not undertake to say how long the same condition had existed. Asked: "Wouldn't you say it had existed for at least a year?" he answered: "I really don't know." We think the jury were justified in concluding that it had existed long enough to charge the city with notice.

The other point urged is that the verdict is excessive. Plaintiff was 78 years of age, but, according to the testimony, was unusually healthy and vigorous for a person of that age, until the accident. The inner condyle of the left tibia was fractured—a complete separation—and the ligaments in the knee joint were injured. The fracture has united, but the condyle is somewhat out of its proper position. Plaintiff was in the hospital six weeks. After leaving the hospital she walked with crutches for some months and now walks with a cane. Her doctor describes her knee as unstable, that is, as having a tendency to buckle or give way, and says that she will need to walk with a cane and that this condition is permanent. While the award made by the jury was liberal in view of the fact that plaintiff had reachd an age where her expectancy of life is short and her earning power small, we cannot pronounce it excessive within the rule which permits this court to set aside a verdict on that ground.

Although not urged on the oral argument, the brief challenged certain rulings admitting testimony. We have examined them and find no error.

Order affirmed.